IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON S., §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>KILOLO KIJAKAZI, ACTING §<br>COMMISSIONER OF THE SOCIAL §<br>SECURITY ADMINISTRATION, §<br>§<br>Defendant. § | No. 3:21-cv-00211-BT |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Jason S.'s[1] civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. (ECF No. 1). For the reasons explained below, the Court AFFIRMS the Commissioner's decision.

### **Background**

Plaintiff alleges he is disabled due to "post-traumatic stress disorder, bi-polar, depression, anxiety disorder, insomnia, stomach problems, memory, concentration problems, and eczema." Admin. R. 31 (ECF No. 18-1); *see id.* at 245. He was born in 1973 and was 45 years old on his alleged onset-of-disability date. *Id.* at 35. Plaintiff has a high-school education and can communicate in English.

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

*Id.*; *see id.* at 416, 431, 495, 499, 510. He has past work experience as a banker, deli clerk, bakery clerk, and computer programmer. *Id.* at 35.

On October 25, 2018, Plaintiff applied for disability insurance benefits and supplemental security income (collectively, "disability benefits"). *Id.* at 28. In both applications, Plaintiff alleged disability beginning May 19, 2018. *Id.* After his applications for disability benefits were denied initially and on reconsideration by the Commissioner, Plaintiff requested a hearing before an administrative law judge (ALJ) to determine whether he is disabled. *Id.* The hearing took place on June 12, 2020. *Id.*

The ALJ determined Plaintiff was not disabled and therefore not entitled to disability benefits. *Id.* at 36. At step one of the five-step sequential evaluation,[2] the ALJ found Plaintiff had not engaged in substantial gainful activity since May 19, 2018. *Id.* at 31. At steps two and three, the ALJ found Plaintiff had severe

---

[2] "In evaluating a disability claim, the [ALJ] conducts a five-step sequential analysis to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The plaintiff bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the plaintiff can perform. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). A finding that the plaintiff is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923 (citing *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (citing *Barajas v. Heckler*, 738 F.2d 641, 643 (5th Cir. 1984) (per curiam)).

impairments of depressive disorder, anxiety disorder, and trauma-stressor related disorder, but Plaintiff's impairments, or combination of impairments, did not meet or equal the severity of any listed impairment in the social security regulations. *Id*. At step four, relying on the testimony of a vocational expert (VE), the ALJ found Plaintiff had the residual functional capacity (RFC) to perform a full range of work at all exertional levels but with certain nonexertional limitations. *Id*. at 32. The ALJ concluded Plaintiff is not disabled and therefore not entitled to disability benefits. *Id*. at 36.

Plaintiff appealed the ALJ's decision to the Appeals Council. *See id*. at 11-15. The Council denied review. *Id*. at 5. Plaintiff then filed this action in federal district court, in which he contends the ALJ erred in finding him not disabled. Specifically, Plaintiff argues that the ALJ's disability determination and denial of benefits is not supported by substantial evidence. *See* Pl.'s Br. 9-10.

**Legal Standards**

The Court's "review of Social Security disability cases is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the [ALJ] applied the proper legal standard." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citation and internal quotations omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see Copeland*, 771 F.3d at 923 ("Substantial evidence is more than a mere scintilla

and less than a preponderance." (internal quotation marks omitted) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)).

The ALJ, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citation omitted). Hence, the Court may not substitute its own judgment for the ALJ's, and it may affirm only on the grounds that the ALJ stated to support his decision. *Copeland*, 771 F.3d at 923 (citation omitted).

## Analysis

Plaintiff raises a single issue for the Court to consider. He argues substantial evidence does not support the ALJ's disability determination and denial of benefits because the ALJ failed to comply with the regulatory requirements by inadequately considering the required supportability and consistency factors when evaluating the persuasiveness of an opinion by a state agency medical consultant and other prior administrative findings. Pl.'s Br. 10-14.

The ALJ determined that Plaintiff had the RFC to "perform a full range of work at all exertional levels with . . . nonexertional limitations." Admin. R. 32. The nonexertional limitations included limiting Plaintiff "to simple, repetitive tasks with simple instructions, learned by rote, with few workplace changes, few work-related decisions, with little judgment required" and limiting Plaintiff's interpersonal contact to "no contact with the public, no more than incidental

contact (limited to the work required), including occasional contact with coworkers and supervisors, but no work tasks requiring teamwork." *Id.* at 32-33.

The ALJ determined Plaintiff's RFC "[a]fter careful consideration of the entire record," including the August 14, 2019 medical opinion of State agency medical consultant Matthew Snapp, Ph.D. *Id.* at 32. Dr. Snapp opined that Plaintiff "can understand, remember, and carry out detailed but not complex instructions, make decisions, attend and concentrate for extended periods, accepts instructions and respond appropriately to changes in routine work setting. *Id.* at 128, 143. The ALJ found Dr. Snapp's opinions to be "persuasive, in part." *Id.* at 30. The ALJ rejected, as not persuasive, Dr. Snapp's opinion that Plaintiff can perform detailed, but not complex tasks. *Id.* Instead, the ALJ found Plaintiff should be limited to simple, repetitive tasks with simple instructions. *Id.*

The ALJ bears the "sole responsibility for determining the [plaintiff's] disability status."[3] *Thibodeaux v. Astrue*, 324 F. App'x 440, 443 (5th Cir. 2009) (citing *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000)). "Determining a [plaintiff's RFC] is the ALJ's responsibility, and [the ALJ] has the authority and duty to weigh the evidence and reach any conclusion supported by substantial evidence." *Gonzales v. Astrue*, 231 F. App'x 322, 324 (5th Cir. 2007) (per curiam). After reviewing the hearing decision and the administrative record, the Court finds

---

[3] 20 C.F.R. §§ 404.1520c and 416.920c provides instruction for evaluating opinion evidence for claims filed on or after March 27, 2017, like Plaintiff's claim in this case filed on October 25, 2018.

Plaintiff failed to show the ALJ's RFC determination is not supported by substantial evidence because the ALJ properly considered Dr. Snapp's opinion and other prior administrative findings using proper legal standards.

When considering medical opinions, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." 20 C.F.R. §§ 404.1520c(a) & 416.920c(a); *Stephens v. Saul*, 2020 WL 7122860, at *5 (N.D. Tex. Dec. 4, 2020) (citation omitted); *accord Winston v. Berryhill*, 755 F. App'x 395, 402 n.4 (5th Cir. 2018) (citation omitted). The ALJ must explain the persuasiveness of medical opinions. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). To determine the persuasiveness of each medical opinion, the ALJ considers supportability, consistency, relationship with the plaintiff,[4] specialization, and other factors that tend to support or contradict a medical opinion. *Id.* §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). The most important factors are supportability and consistency. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

An ALJ will discuss how he considered the supportability and consistency factors for a medical source's medical opinions in his determination or decision. *Id.* The ALJ may, but is not required to, explain how he considered the remaining factors. *Id.* When a medical source provides multiple medical opinions, the ALJ

---

[4] When the ALJ determines the medical professional's relationship with the plaintiff, the ALJ considers length of treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3), 416.920c(c)(3).

will articulate how he "considered the medical opinions . . . from that medical source together in a single analysis using the factors," but he is not required to articulate how he considered each medical opinion from one medical source individually. *Id.* §§ 404.1520c(b)(1), 416.920c(b)(1).

"[F]undamentally, the ALJ cannot reject a medical opinion without an explanation." *Kneeland v. Berryhill*, 850 F.3d 749, 759-60 (5th Cir. 2017) (citation and internal quotations omitted); *accord Winston*, 755 F. App'x at 398. In explaining a rejection of a physician's opinion, the ALJ does not have "to state the weight given to each symptom and diagnosis in the administrative record." *Michelle K. M. v. Berryhill*, 2019 WL 1243355, at *13 (N.D. Tex. Mar. 18, 2019). An "ALJ's failure to mention a particular piece of evidence does not necessarily mean that [the ALJ] failed to consider it" when "the ALJ's decision states explicitly that [the ALJ] considered the entire record in [the ALJ's] decision." *Hammond v. Barnhart*, 124 F. App'x 847, 851 (5th Cir. 2005). There is not a "statutorily or judicially imposed obligation for the ALJ to list explicitly all the evidence he takes into account in making his findings." *See Hammond*, 124 F. App'x at 851.

In arriving at his RFC determination in this case, the ALJ explained that he "considered all [Plaintiff's] symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." Admin. R. at 33. The ALJ also considered "the medical opinion[s] and prior administrative medical finding[s]." *Id.* Finally, the ALJ determined the RFC after "considering all evidence of record." *Id.* at 34.

7

Plaintiff contends, however, that the ALJ erred by "not build[ing] a 'logical bridge' between his finding on the persuasiveness of Dr. Snapp's opinion and prior administrative medical findings, and the supportability and consistency factors" because the ALJ "very briefly summarized the medical evidence in making his RFC finding." Pl.'s Br. 14. According to Plaintiff, "the only explanation the ALJ gave for finding the opinion of Dr. Snapp to be persuasive, was 'because of his education and training and he is an expert in disability evaluation by virtue of experience as a State agency medical consultant.'" *Id.* at 13 (quoting Admin. R. 34 ("The opinions of Dr. Snapp are persuasive, in part, because of his education and training and he is an expert in disability evaluation by virtue of experience as a State agency medical consultant.")). Plaintiff argues, here, the ALJ failed to assess the supportability and consistency of Dr. Snapp's opinion and prior administrative findings, which is error. *Id.*

In contrast to Plaintiff's contention, before discussing Dr. Snapp's opinion, the ALJ provided a thorough explanation for his assessment of Plaintiff's RFC that he refers to when explaining his determination of the persuasiveness of Dr. Snapp's opinion. *See* Admin. R. 34.

First, the ALJ explained he "evaluated the consistency of [Plaintiff's] reported symptoms as directed by [the regulations] and found several reasons why [Plaintiff's] allegations of debilitating symptoms are not consistent with the objective medical evidence and other evidence of record," including Plaintiff's inconsistent statements. *Id.* For example, Plaintiff's own report "suggests an

8

individual essentially debilitated" including that "he tended to neglect his personal care," but "none of the medical evidence hints that [Plaintiff's] hygiene and grooming were sub[]standard." *Id.* Also, Plaintiff admitted that he "could cook some food items, do some household chores, take care of a pet, shop online[,] use a computer, watch television, and [] keep track of his appointments and medications." *Id.* The ALJ noted Plaintiff's "available physical and mental status examinations are invariably normal"—"he is prescribed psychotropic medications that he sometimes neglects to take, . . . his care nor behavior has resulted in any but the briefest in-patient periods[,] and he has received extensive [counseling] and therapy." *Id.*

Then, the ALJ considered the medical opinions and administrative medical findings, including Dr. Snapp's medical opinion. *See id.* The ALJ could not give "controlling weight to any prior administrative medical finding or medical opinion." *Id.* Specifically, when discussing Dr. Snapp's opinion, the ALJ states he "finds the opinions" that Plaintiff "can perform detailed, but not complex tasks . . . not persuasive, as the fully developed record at the hearing level support[s] limiting [Plaintiff] to simple, repetitive tasks and the other limitations set out above," but the ALJ finds "[t]he opinions of Dr. Snapp . . . persuasive, in part, because of his education and training and he is an expert in disability." *Id.*

Here, the ALJ considered Dr. Snapp's opinion while also considering its inconsistency with the available mental status exams, Plaintiff's statements, and other noted factors. As a State agency medical consultant, Dr. Snapp lacked a

9

relationship with Plaintiff. But the ALJ gave some weight to Dr. Snapp's opinion because of his specialization and other factors. Therefore, as required by the regulations, the ALJ adequately considered the supportability, consistency, relationship with the plaintiff, specialization, and other factors that tend to support or contradict Dr. Snapp's medical opinion. The ALJ appropriately considered and resolved conflicts in the evidence, and he built a discernible logical bridge between the persuasiveness of Dr. Snapp's opinions and those opinions' supportability by and consistency with the record as a whole. Accordingly, Plaintiff failed to controvert that substantial evidence supports the ALJ's determination of Plaintiff's RFC.

Plaintiff also argues "[a]bsent Dr. Snapp's opinion, the ALJ's mental RFC finding is based upon a deficient evaluation of the medical evidence of record" because "[t]he ALJ concludes that none of [Plaintiff's] providers [] limited his functional activity to any degree" and "this is not true," pointing the Court to the ALJ's subsequent note that "provider PMHNP Pillai reported [Plaintiff] to have 'extreme functional limitations.'" Pl.'s Br. 16. In other words, since Plaintiff has not shown that credible evidentiary choices or medical findings do not support the ALJ's RFC finding, Plaintiff instead points this Court to other evidence in the record. But Plaintiff's "burden is not to highlight evidence contrary to the ALJ's ruling, but to show that there is no substantial evidence supporting the ALJ's decision." *Jones v. Saul*, 2021 WL 2895867, at *5 (N.D. Tex. July 9, 2021) (Ray, J.). To the contrary, the Court finds and concludes that substantial evidence, as

described by the ALJ, supports the ALJ's decision regarding the weight given to Dr. Snapp's opinion.

## Conclusion

Because Plaintiff failed to refute the substantial evidence and legal standards that supports the ALJ's determination that Plaintiff is not disabled within the meaning of the Social Security Act, the Court AFFIRMS the hearing decision in all respects.

**SO ORDERED.**

April 21, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE